# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

TERRI A. GRIEVES, )
 )
        Plaintiff, )
 ) No. 07 C 4404
v. )
 ) Magistrate Judge Cole
MICHAEL J. ASTRUE, Commissioner )
of Social Security, )
 )
        Defendant. )

## MEMORANDUM OPINION AND ORDER

Following remand of this case to the Commissioner, Ms. Grieves sought $5,889.38 in attorneys' fees and costs under the Equal Access to Justice Act ("EAJA"). EAJA authorizes the payment of attorneys' fees to a prevailing party in an action against the United States absent a showing by the government that its position in the underlying litigation "was substantially justified." 28 U.S.C. § 2412(d)(1)(A); *Scarborough v. Principi*, 541 U.S. 401(2004). It is Ms. Grieves' contention that the Commissioner's denial of her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") was not substantially justified.

In brief, the facts are these: Ms. Grieves applied for DIB and SSI on October 4, 2005, alleging that she had been unable to work since August 25, 2005 due to degenerative disc disease. (Administrative Record ("R.") at 77, 102). She also claimed to suffer from depression and anxiety. (R. 51). Her application was denied at the initial and reconsideration levels of administrative review, and Ms. Grieves requested a hearing before an administrative law judge ("ALJ"). (R. 39-42, 45-48, 55). The ALJ conducted the hearing on January 18, 2007, at which Ms. Grieves, represented by counsel, testified. (R. 553-577). Edward Pagella testified as a vocational expert. (R 571-575). In an opinion dated February 2, 2007, the ALJ found that although Ms. Grieves was not able to perform her past work as a secretary (R. 24), she was not disabled because she could perform other jobs such as assembler, hand packager, or hand sorter (R. 24-25). This

became the final decision of the Commissioner when the Appeals Council denied Ms. Grieves' request for review of the decision on June 8, 2007. (R. 4-6). *See* 20 C.F.R. §§ 416.1455; 416.1481. Ms. Grieves appealed the decision to the federal district court under 42 U.S.C. § 405(g), and the parties consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636(c).[1]

On July 11, 2008, I issued a decision remanding this case to the Commissioner for further proceedings. *Grieves v. Astrue*, 2008 WL 2755069 (N.D.Ill. 2008). I found that the ALJ failed to make an adequate determination as to Ms. Grieves' credibility. He considered only her daily activities and her failure to seek additional medical treatment for her pain. While the ALJ called Ms. Grieves' lifestyle "relatively active," it was in fact limited, with Ms. Grieves helping her teenage children get off to school, occasionally accompanying her husband shopping, watching television off and on all day, periodically reading, playing cards in ten-fifteen minute increments, and independently caring for herself, except for her inability to take a tub bath. Moreover, she could only perform these limited activities sporadically with frequent breaks. *Grieves*, 2008 WL 2755069 at *14. For example, she could only play a game for about fifteen minutes or concentrate on a book for a single chapter. And, the ALJ ignored Ms. Grieves' other testimony that she was unable to sweep, vacuum, sew, garden, or drive.

I determined that the ALJ improperly relied upon Ms. Grieves' limited daily activities as evidence she could perform a full-time job – a conclusion the Seventh Circuit has refused to endorse. *See e.g., Gentle v. Barnhart*, 430 F.3d 865, 867 (7th Cir. 2005)("The administrative law judge's casual equating of household work to work in the labor market cannot stand. Gentle *must* take care of her children, or else abandon them to foster care or perhaps her sister, and the choice may impel her to heroic efforts. A person can be totally disabled for purposes of entitlement to social security benefits even if, because of an indulgent employer or circumstances of desperation, he is in fact working.")(Emphasis in original); *Carradine*, 360 F.3d 751, 755

---

[1] For a detailed discussion of the facts of the case, *see Grieves v. Astrue*, 2008 WL 2755069 (N.D.Ill. 2008).

(7th Cir. 2004); *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000).. *See Grieves*, 2008 WL 2755069 at *15.

I also concluded that the ALJ ought to have considered Ms. Grieves' other testimony as well, or to have explained why he rejected it. *See, e.g., Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003); *Zurawski v. Halter*, 245 F.3d 881, 888 (7th Cir. 2001) The ALJ also failed to discuss what effect Ms. Grieves' pain medications – including some strong narcotics – had on her ability to sustain activities over prolonged periods of time. Instead – and this too was contrary to settled precedent – the ALJ simply mentioned them without any explanation of how they played into his final conclusion or, more accurately, why they did not. This omission was all the more significant since multiple doctors commented on how the medications impaired her functioning. Simply noting that Ms. Grieves was on medication is, in and of itself, meaningless. *See Scheck v. Barnhart*, 357 F.3d 697, 703 (7th Cir. 2004); *Zurawski*, 245 F.3d at 888. And it was a *non-sequitur* for the ALJ to have concluded that Ms. Grieves' claim of *present* inability to do laundry was inconsistent with her testimony that she *used to* do laundry, but no longer could because she had injured herself while performing that task..

I also concluded that the ALJ inappropriately discounted the opinion of Ms. Grieves' treating physician because it was not supported by the evidence. In so doing, the ALJ discussed only those portions of the record that bolstered his finding, while ignoring those that did not. This was contrary to the requirement that an ALJ must minimally articulate his reasons for discounting a treating physician's opinion, *see Elder v. Astrue*, 2008 WL 2406256, at *6 (7th Cir. 2008); *Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007) and cannot "ignore an entire line of evidence contrary to [his] findings." *Zurawski*, 245 F.3d at 888. *See also Clifford*, 227 F.3d at 874.

But the record was anything but one-sided, and the case was not one "in which the Commissioner's position is based on speculation with no support in the record." *Cunningham v. Barnhart*, 440 F.3d 862, 865 (7th Cir. 2006). Indeed, the opinion concluded with a recognition of the closeness of the case:

This is a close case. Part of the ALJ's assessment was clearly right and it may well be that

3

his assessment of Ms. Grieves' credibility was insightful. There are things in the record that bear upon that credibility and that had they been critically and accurately assessed-some apparently did not even play into the ALJ's evaluation-the result of this case might have been different. But just as it is not for the government to supply supportive reasons that the ALJ may not have considered, neither is it for a reviewing court to do so. These are all matters for the ALJ's informed consideration on remand. The Commissioner's motion to affirm the decision is denied. This case is remanded to the Commissioner for further proceedings consistent with this decision.

*Grieves*, 2008 WL 2755069 at * 24.

The government has objected to Ms. Grieves' request for attorney's fees and costs under EAJA. The purpose of EAJA is to eliminate the financial disincentive for people to challenge unreasonable governmental actions. *See Sullivan v. Hudson*, 490 U.S. 877, 883-841 (1989). The Act provides that a district court may award attorneys' fees where: (1) the plaintiff is a "prevailing party"; (2) the government's position was not substantially justified; (3) no "special circumstances make an award unjust"; and (4) the fee application is submitted to the court within 30 days of final judgment and is supported by an itemized statement. 28 U.S.C. § 2412(d)(1)(A), (B); *Golembiewski v. Barnhart*, 382 F.3d 721, 723-24 (7th Cir. 2004). Costs are available under 28 U.S.C. § 2412(a)(1).

By virtue of the remand, Ms. Grieves is the prevailing party. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). There are no "special circumstances" alleged. *See Golembiewski*, 382 F.3d at 724; *United States v. Hallmark Const. Co.*, 200 F.3d 1076, 1079 (7th Cir. 2000). The plaintiff's application was timely filed and is supported by an itemized statement. Thus, the issue is whether the Commissioner's position was substantially justified, a point on which the Commissioner bears the burden of proof. *Golembiewski*, 382 F.3d at 724.

"Substantially justified" is one of the myriad phrases in the law that has no precise or fixed definition. The Supreme Court has said that it means "justified in substance or in the main." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). A position that is "substantially justified" must have a "reasonable basis both in law and in fact." *Id.* It must be "justified in substance or in the main"-that is, justified to a

degree that could satisfy a reasonable person. *Id. Accord Golembiewski*, 382 F.3d at 724 (a position is substantially justified if a "reasonable person could believe the position was correct."). EAJA decisions necessarily involve exercises of discretion, *Pierce*, 487 U.S. at 59; *Cunningham*, 440 F.3d at 864, because of the "'the sheer impracticability of formulating a rule of decision [in such cases]....'" Questions that arise under the Act, like many that arise in litigation generally, "'are not amenable to regulation by rule because they involve multifarious, fleeting, special, narrow facts that utterly resist generalization-at least, for the time being.'" *Pierce*, 487 U.S. at 552. Being discretionary, fee awards under EAJA are reviewable under an abuse of discretion standard. *Id. Compare United States v. Bullion*, 466 F.3d 574, 577 (7th Cir. 2006) ("The striking of a balance of uncertainties can rarely be deemed unreasonable....").

It is also essential to recall that "a position can be justified even though it is not correct," *Pierce*, 487 U.S. at 566, n. 2, and "[the government] could take a position that is substantially justified, yet lose [on the merits]." *Id.* at 569. Analysis of questions of substantial justification must take into account the government's position in the underlying action and the litigation posture it took while defending the validity of that action in court. 28 U.S.C. § 2412(d)(2)(D); *Cunningham*, 440 F.3d at 863-864. But, substantial justification should not be confused with the "substantial evidence" standard that applies to a court's initial review of the case. Indeed, the Supreme Court has cautioned that consideration of a fee petition "'should not result in a second major litigation.'" *Pierce*, 487 U.S. at 563. *Accord Sosebee v. Astrue*, 494 F.3d 583, 588 (7th Cir. 2007); *Hallmark Const. Co.*, 200 F.3d at 1080. Thus, an EAJA petition requires the court to revisit the legal and factual circumstances of this case from a different perspective – the elusive standard of substantial justification – than it did in reviewing the record on the initial go-round to determine whether there was substantial evidence to support the conclusion. *See Hallmark Const.*, 200 F.3d at 1080.

While EAJA petitions cannot be resolved by resort to a formula, the Seventh Circuit has offered some concrete guidance. It has said that a significant factor in determining whether the government's position was substantially justified is the language of the district court's opinion. *Hallmark Const. Co.*, 200

F.3d at 1079. Just as strong language against the Commissioner's position in an opinion is evidence that a position was not substantially justified, *Golembiewski*, 382 F.3d at 724, a court decision suggesting a close case supports the denial of fees. *Cummings v. Sullivan*, 950 F.2d 492, 498 (7th Cir.1991) ("the closeness of the question is, in itself, evidence of substantial justification."). As already noted, the opinion remanding the case concluded that this was "a close case." Had the ALJ discussed certain things in the record that weighed against Ms. Grieves' credibility, "the result . . . might have been different." This is certainly a strong indication that the Commissioner's position was substantially justified.

Ms. Grieves counters that there is language in the opinion indicating that the case was not close. She points to the comment that this was a "'rare case' where the ALJ's credibility determination lacked any appropriate legal analysis and evidential support." (*Plaintiff's Reply*, at 6). This is not an accurate reading of the opinion, which merely stated that "this is one of those rare cases in which a credibility determination can be disturbed by a reviewing court, since the ALJ grounded his credibility finding in an observation or argument that is unreasonable or unsupported." *Grieves*, 2008 WL 2755069 at *16; *Memorandum Opinion and Order*, at 31. In any event, an errant credibility determination – as opposed to a total failure by the ALJ to make any credibility judgment – need not result in an award of attorneys' fees, as the Seventh Circuit made clear in *Cunningham*. *See* 430 F.3d at 864-65.

Moreover, the opinion made clear that merely because the ALJ's credibility analysis was flawed did not mean that his ultimate conclusion was. For example, the opinion pointed out that there was evidence that supported the ALJ's conclusion that her statements to Dr. Franklin were not completely honest, *Grieves*, 2008 WL 2755069 at *18, and that Ms. Grieves' denial of alcohol use at the hearing was false. *Id.* at *8. Finally the opinion stressed that the case was close, that part of the ALJ's assessment was clearly right, and that it may well be that his assessment of Ms. Grieves' credibility was insightful. *See id.* at * 24; *supra* at 3.

But the language of an opinion is just one indicator of the strength of the case. One must also look to the overall rationale for remanding this case to the Commissioner. In the main, this case turned on the

ALJ's failure adequately to articulate his analysis–or, as the court said in *Cunningham*, on his "fail[ure] to connect all the dots in his analysis." 440 F.3d at 865. Seventeen years ago, the Seventh Circuit called the requirement that an ALJ adequately articulate his consideration of the evidence "deliberately flexible." *Stein v. Sullivan*, 966 F.2d 317, 319 (7th Cir. 1992). Therefore, the court held that because there was evidence to support the ALJ's decision, despite the fact that he failed to consider or discuss contrary evidence, the district court did not abuse its discretion by denying fees.

In the intervening years, the "logical bridge" requirement has become one of the court's consistent themes and has occasioned not a few reversals even where the district judge found the ALJ's reasoning adequately articulated to allow meaningful review. *See, e.g., Craft v. Astrue*, 539 F.3d 668, 677-78 (7th Cir. 2008); *Getch v. Astrue*, 539 F.3d 473, 481-82 (7th Cir. 2008); *Giles ex rel. Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007); *Ribaudo v. Barnhart*, 458 F.3d 580, 584 (7th Cir. 2006); *Young v. Barnhart*, 362 F.3d 995, 1002 (7th Cir. 2004); *Golembiewski*, 322 F.3d at 914-915. The Seventh Circuit's reversals has not gone unnoticed at the district court level, and some judges have found that the Commissioner's position was not substantially justified where the ALJ failed to build a "logical bridge." *See Bailey v. Barnhart*, 473 F.Supp.2d 842, 850-51 (N.D.Ill. 2006)(discussing failure to build "logical bridge" as one reason among several why the government's position was not substantially justified); *Herron v. Barnhart*, 2004 WL 1397547, *3 (N.D.Ill. 2004); *Henderson v. Barnhart*, 2004 WL 868396, *3 (N.D.Ill. 2004). But it would be incorrect to conclude that an ALJ's violation of the "logical bridge" requirement necessitated granting an EAJA petition.

More recently, the Seventh Circuit interpreted *Stein* as holding that an ALJ's failure to meet the articulation requirement did not mandate a finding that the Commissioner's position was not substantially justified, but cautioned that there was no *per se* rule *precluding* attorneys' fees whenever the alleged error is the failure to articulate. *Conrad v. Barnhart*, 434 F.3d 987, 991 (7th Cir. 2006). In the last analysis, like

so much in law, it is all a question of degree.[2] In order for fees to be awarded where the remand was bottomed on the failure to build a "logical bridge" from the facts of the conclusion, the deficiency would have to be far more pervasive than it was in this case.

In *Cunningham v. Barnhart, supra*, the ALJ discussed the claimant's credibility, but failed to adequately support his determination with reference to the medical evidence that he thought undermined the claimant's complaints. He also failed to discuss certain evidence, such as treatments and medications, that might have supported the claimant's complaints. 440 F.3d at 863-64. In so doing, the ALJ failed to follow case law directing him to consider certain factors in assessing credibility, address evidence that ran contrary to his conclusion, and adequately articulate his reasoning. *Id.* at 863-65.

Nevertheless, the district court found the government's position substantially justified, and the Seventh Circuit affirmed.[3] Although the ALJ "was not as thorough in his analysis as he could have been," 440 F.3d at 865, the Seventh Circuit concluded that fees were not required since it was "not a case in which the Commissioner's position [was] based on speculation with no support in the record." *Id.* at 865. The Seventh Circuit, therefore, had "no trouble concluding the Commissioner's position was substantially justified. The lack of thoroughness and a failure to adhere to essentially the same case law as was of concern in *Cunningham* are also the faults in the ALJ's decision here. There is no feature of this case that requires a different result from that in *Cunningham*.

Contrast that – as the court did in *Cunningham*, 440 F.3d at 865 – with the situation in *Golembiewski*. There, the ALJ engaged in *no* credibility discussion; one could only speculate as to why the ALJ rejected

---

[2] *Shacket v. Philko Aviation, Inc.* 841 F.2d 166, 171 (7th Cir. 1988). *See also United States v. Toronto, Hamilton & Buffalo Nav. Co.*, 338 U.S. 396, 410 (1949)(Frankfurter, J., concurring)("Like most problems in the law it is a matter of degree."); *Nash v. United States*, 229 U.S. 373, 377 (1913)(Holmes, J.)("[T]he law is full of instances where a man's fate depends on his estimating rightly, that is... some matter of degree.").

[3] A decision by an ALJ constitutes part of the government's pre-litigation conduct and EAJA fees may be awarded if that pre-litigation conduct or its litigation position are not substantially justified. *Golembiewski*, 382 F.3d at 724.

8

the claimant's testimony. *Golembiewski*, 382 F.3d at 724. The Commissioner argued that the ALJ's credibility finding could be implied. However, as *Cunningham* noted in contrasting *Golembiewski*, the argument "was blatantly contrary to the Commissioner's own previous ruling." *Cunningham*, 440 F.3d at 864. Moreover, the ALJ in *Golembiewski* ignored evidence substantiating the claimant's main impairment: a herniated disc. So deficient in reasoning and analysis was the ALJ's decision, that the Seventh Circuit urged the Commissioner in *Golembiewski* to assign the matter to a different ALJ on remand. 382 F.3d at 725. In short, the government's position was so plainly unjustified that an award of fees was clearly a proper exercise of discretion.

This case falls much closer to *Cunningham* than it does to *Golembiewski*. As in *Cunningham*, the ALJ here did not *fail* "to engage in any credibility determination . . . rather, [he] failed to connect all the dots in his analysis." 440 F.3d at 865. Although he might have neglected to discuss certain physician's findings as to the severity of Ms. Grieves' impairments, he did not ignore evidence establishing her medical condition.

Ms. Grieves thinks the case is closer to *Boyd v. Barnhart*, 175 Fed.Appx. 47 (7th Cir. 2006). The citation of *Boyd* warrants a brief discussion. The opinion contains the legend that it is "Not for Publication in West's Federal Reporter" and refers to Rule 32.1, Federal Rules of Appellate Procedure and Circuit Rule 32.1. Both Rules 32.1 provide that a court cannot prohibit or restrict the citation of federal judicial opinions, orders, judgments, or other written dispositions that have been designated as "unpublished," "not for publication," "non-precedential," or the like and issued on or after January 1, 2007. Circuit Rule 32.1 prohibits the citation of non-precedential orders issued before January 1, 2007. While I need not decide whether the Rule applies to briefing in the district court or only in the Court of Appeals,[4] two things are

---

[4] Judges Stadtmueller and Sharp have concluded that citation of pre-January 1, 2007 non-precedential orders is improper in the district court. *See Singer v. Frank*, 2007 WL 2220209 at *20 (E.D.Wis. 2007); *Burkett v. Wicker*, 478 F.Supp.2d 1065, 1068 (N.D.Ind. 2007). It is unnecessary to decide whether Circuit Rule 32.1 has application in the district courts or was intended only to regulate briefing in the court of appeals. *But see* Rule 1, Federal Rules of Appellate Procedure ( These Rules "govern procedure in the United States courts of appeals.").

clear. First, such opinions do not have precedential force, Circuit Rule 32.1(b); *Duthie v. Matria Healthcare, Inc.*, 254 F.R.D. 90, 96 (N.D.Ill. 2008); *Lau v. Arrow Financial Services, LLC*, 245 F.R.D. 620, 626 (N.D.Ill. 2007), and second, the case is not helpful to Ms. Grieves.

The Seventh Circuit found EAJA fees warranted in *Boyd*, but as in *Golembiewski*, the ALJ provided absolutely no discussion of his credibility finding:

> In his written decision, the ALJ made no explicit determination of whether Boyd's testimony regarding his pain was credible. Instead the ALJ noted generally that "[w]hile claimant may have some degree of pain and limitation it is not as severe or limiting as claimant has alleged."

175 Fed.Appx. at 48, 2006 WL 906635, *1. And, as in *Golembiewski*, the Commissioner argued that the ALJ's credibility determination could be implied from the record–a manifestly unreasonable argument for the Commissioner to have made. 175 Fed.Appx. at 50, 2006 WL 906635, *3. So *Boyd*, like *Golembiewski*, falls toward the other end of the spectrum from cases like *Cunningham* and the instant case.

In the end, the instant case is one where "[t]here was evidence to support the [Commissioner's] position; a genuine dispute existed." *Stein*, 966 F.2d at 320. It is the type of case where courts have found that the government's position was substantially justified, *see Conrad v. Barnhart*, 434 F.3d 987, 991 (7th Cir. 2006)(position substantially justified although ALJ failed to refer to doctor's findings as to vocational restrictions); *Mogg v. Astrue*, 266 Fed.Appx. 470, 471-472, 2008 WL 227330, *2 (7th Cir. 2008)(position substantially justified despite fact that court could not trace the path of ALJ's reasoning and ALJ rejected evidence contrary to his conclusion without adequate explanation), and I find it was here as well.

## CONCLUSION

What is clear from the cases is that there is no algorithmic solution under EAJA to the necessarily variant factual circumstances each case presents, and which ultimately guide the district court's discretionary decision of whether to allow attorneys' fees and costs. And being discretionary, there is bound to be some inconsistency in decisions, *cf. Johnson v. Daley*, 339 F.3d 582, 593-94 (7th Cir. 2003), for two decision

10

makers can arrive at opposite conclusions without either being an abuse of discretion. *Cf. United States v. Banks*, 546 F.3d 507, 508 (7th Cir. 2008). Were it otherwise, district courts would be bound by a fixed rule requiring an award of fees rather than discretionary choice. For the foregoing reasons, the plaintiff's request for fees and costs under EAJA is DENIED.

ENTERED: /s/ Jeffrey Cole
UNITED STATES MAGISTRATE JUDGE

DATE: 3/5/2009